# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| RENE CASTILLO, | ) | |
| Defendant-Petitioner, | ) | |
| | ) | NO. 3:09-CV-740-D (BF) |
| v. | ) | (3:08-CR-119-D) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | ECF |
| Plaintiff-Respondent. | ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Rene Castillo's Motion to Dismiss § 2255 Petition ("Motion," doc. 14) is before the Court for recommendation. For the reasons that follow, the Court recommends that the District Court grant the Motion and dismiss Petitioner's § 2255 petition without prejudice.

Petitioner, proceeding pro se, filed his § 2255 petition on April 22, 2009. After the Court denied the government's motion to dismiss the petition, the Court set the matter for an evidentiary hearing and appointed counsel to represent Petitioner. Counsel conducted an investigation into the allegations of the petition and communicated his recommendations to Petitioner by letters as well as through several phone conversations made to counsel by Petitioner from El Reno FCI, where Petitioner is incarcerated.

As a result of those consultations between counsel and Petitioner, Petitioner orally advised counsel on January 6, 2011 that he no longer wished to pursue his petition and asked counsel to have the petition dismissed. Counsel notified the Court of Petitioner's decision that same day and asked that the scheduled hearing be cancelled. Counsel then drafted a motion to withdraw the Petition and – out of an abundance of caution – sent it to Petitioner on January 15, 2011 for his review and signature.

Petitioner, however, did not responded to this January 15 letter, nor has he responded to two

more letters sent by counsel to Petitioner on February 18 and March 1, 2011. Accordingly, Counsel filed the Motion on the basis that Petitioner advised Counsel on January 6, 2011 that he no longer wished to pursue his § 2255 petition and because Petitioner did not advise counsel subsequently that he had changed his mind. Counsel served a copy of the Motion on Petitioner.

On March 28, 2011, this Court entered an order that Petitioner must advise the Court of his position with respect to the Motion to Dismiss his § 2255 petition (doc. 14) within thirty days. The Court notified Petitioner that his failure to do so would result in his § 2255 petition being dismissed pursuant to the Motion. Thirty days has expired, and Petitioner has failed to respond to the Court's Order. Although the Motion requests that the § 2255 petition be dismissed with prejudice, the Court finds that the District Court should dismiss the petition without prejudice as in a Motion to Dismiss for Failure to Prosecute.

**Recommendation**

The Court recommends that the District Court grant the Motion to Dismiss and dismiss Petitioner's § 2255 petition without prejudice.

SO RECOMMENDED this 29th day of April, 2011.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).